NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-CV-100-KKC

MARTAY LOVE                                                                                    PLAINTIFF

VS:                            **MEMORANDUM OPINION AND ORDER**

MS. T. WARD, et al.                                                                        DEFENDANTS

\*\*\*\*  \*\*\*\*  \*\*\*\*

This matter is before the Court on the Defendants' Motion to Dismiss or in the Alternative, Motion for Summary Judgment. For the reasons set forth below, the Motion will be granted.

## BACKGROUND

Martay Love, a/k/a Marty Love and Martay Loveley, was in the custody of the Federal Bureau of Prisons ("BOP") and confined in the Federal Medical Center ("FMC"), in Lexington, Kentucky, when he filed the instant *pro se* Complaint. After granting Plaintiff Love permission to proceed *in forma pauperis*, the Court screened his Complaint, including the documents attached to it, and summarized his previous litigation about this same matter, the facts alleged then and now, and the legal claims herein.

Plaintiff claimed that the four named Defendants, all members of his unit team, wrongly demanded his participation in the BOP's Inmate Financial Responsibility Program ("IFRP"), which required him to make installment payments toward his court-ordered restitution. This began shortly after his arrival at FMC-Lexington, on April 27, 2007, to enroll in a residential drug rehabilitation program and work in the Unicor business there. Plaintiff initially agreed to pay $25.00 per quarter

through the IFRP toward his financial obligations.  However, at some point, he tried to drop the IFRP

obligation on the ground that the payment was no longer affordable for him, but the team changed

his classification to "refuse" status, causing him to lose certain privileges.

Plaintiff purportedly explained to the Defendant Unit Team members at that time and now

in this action, that he is not required to participate in the IFRP because in his November 20, 2003,

Judgment of Conviction, the Court ordered a different method of payment.  He points to the

following provision:

> *$100,987.92 in Restitution is due immediately*. But, if the defendant is not able to pay
> the full amount immediately, then restitution shall be paid in monthly installments
> of at least $200.00 with payments to commence no later than 30 days after the
> defendants release from imprisonment.
>
> Unless the court has expressly ordered otherwise in the special instructions above,
> if this judgment imposes a period of imprisonment payment of criminal monetary
> penalties shall be due during the period of imprisonment.  All criminal monetary
> penalty payments, except those payments made through the Bureau of Prisons'
> Inmate Financial Responsibility Program are to be made as directed by the court, the
> probation officer, or the United States attorney.

Complaint, Exhibit II, at page 6 (emphasis added).

Plaintiff filed an earlier action in this Court about the matter, but it was dismissed for lack

of prosecution.  Several months later, he initiated the instant civil action, which, like his earlier one,

was *pro se*.  He has claimed that the Defendants' taking money from his inmate account in order to

make the IFRP installment payments (1) was contrary to the directions in the trial court's Judgment

of Conviction; and (2) was without the BOP's having any authority to impose such payments.

Further, (3) when the Defendants put him in "refuse status," they were unfairly retaliating against

him.  Plaintiff Love has demanded damages and injunctive relief in the form of a change from his

"refuse" classification.

2

## DEFENDANTS' MOTIONS

The Defendants have responded to the Complaint with the instant Motion to Dismiss or in the Alternative, Motion for Summary Judgment. They first inform the Court that the Plaintiff was released from prison on July 7, 2009, via his accumulation of good time credits while incarcerated. The record in this case confirms that on August 6, 2009, Plaintiff informed the Clerk of the Court of a change of address, to St. Louis, Missouri.

Defendants then explain that the BOP established the IFRP by duly promulgated regulations, 28 C.F.R. §§ 545.10-.11, for the purpose of encouraging prisoners to meet their court-ordered financial obligations. 28 C.F.R. §§ 545.10. The provisions include a list of collectible debts, which includes restitution (*see* § 545.11(a)(2)); guidelines as to the amounts to be set as payment terms (§ 545.11(b)); and the effects of a prisoner's non-participation (§ 545.11(d)). The BOP then drafted a program statement ("P.S."), that is, P.S. P5380.08, *Financial Responsibility Program, Inmate,* in order to provide BOP staff guidance in carrying out the IFRP requirements.

The Defendants' position is that the Court lacks jurisdiction to decide this case because the Plaintiff has been released from BOP custody; accordingly, he is no longer required to participate in the IFRP or to suffer the consequences of non-participation. Therefore, the matter is moot. If this Court asserts that it has jurisdiction nonetheless, then they argue that the Plaintiff has failed to state a claim upon which the Court can grant relief.

The Defendants insist that the application of the IFRP to the instant Plaintiff was consistent with the governing provisions, and the IFRP has been ruled legitimate and constitutional by many courts across the country, including this circuit, in *Weinberger v. United States*, 268 F.3d 346, 361 (6th Cir. 2001). Even the term from the Plaintiff's Judgment ordering that the restitution is "due

3

immediately" has been held to not be contrary to requiring participation in installment payments under the IFRP, the Defendants citing Seventh and Eighth Circuit case law.  Finally, they contend that the consequences suffered for non-participation are not retaliatory.  Rather, the consequences are set out in the regulations and program statement, to which the four Defendants were obligated to and did adhere.  They insist that there is no cognizable claim here.

## Plaintiff's Response

Plaintiff has filed a Response to the Defendants' Motion.  He does not contest that he is now a free man or that the matter has been mooted by his release.  Instead, Love treats the initial IFRP agreement, wherein he promised the installment payments, as if it were a contract presented to him for collection of the promised monies.  He gives notice of his intent to dishonor the obligation and he attacks the agreement as if the Uniform Commercial Code were applicable.

Love argues that the Defendants did not enter into the contract with him in good faith.  They also failed to provide full disclosure of the penalties for any breach. Therefore, the agreement was not knowingly entered into; and he insists that he would never have entered into it, if he had known. He has not given up his rights, even without a reservation of rights clause in the contract.

Plaintiff contends that he should be put in the same position as if the Defendants had acted properly.  He demands that he be restored to good standing and rewarded $100,000 in punitive damages for the acts of retaliation taken against him.

## DISCUSSION

The Court begins its consideration of the Defendants' Motion with an examination of what the BOP's Inmate Financial Responsibility Program is.  In *Weinberger v. United States*, cited by the Defendants, the IFRP was described as a "work program instituted by the Bureau of Prisons to

4

encourage 'each sentenced inmate to meet his or her legitimate financial obligations.'" 268 F.3d at 361 (citing *Montano-Figueroa v. Crabtree,* 162 F.3d 548, 548 (9th Cir.1998), which quoted from 28 C.F.R. § 545.10).

The IFRP initially requires staff members to review a prisoner's Presentence Report, Judgment and Commitment Orders, and any other available documentation to ascertain the inmate's financial obligations, and then the staff must assist in creating a financial plan for him or her to meet these obligations. *See* 28 C.F.R. § 545.10. The financial plan must include any special assessments imposed upon the inmate and any court-ordered restitution, fines, and costs. 28 C.F.R. § 545.11. The inmate is personally responsible for meeting his or her financial obligations and must provide prison staff members with documentation of compliance with the financial plan. *Id.* Payments consistent with the financial plan may be made from an inmate's institutional or non-institutional resources. *Id.*

An inmate's failure to participate in the IFRP triggers the provision at 28 C.F.R. § 545.11(d), *Effects of non-participation.* It directs that a prisoner's refusal to participate or comply with his plan, "ordinarily shall result in the following," after which there is a list of ten possible negative consequences, including loss of a Unicor job and assignment to the lowest paying jobs; no outside work details or community-based programs; not receiving bonus pay or vacation pay; no furloughs; a stringent monthly commissary spending limitation; no incentives for participating in residential drug treatment programs; and being assigned the lowest housing status. *Id.*

### Mootness

The Defendants first argue that the instant claims are moot, based on Love's recent release from prison. The Federal Courts are "without power to decide questions that cannot affect the rights

5

of the litigants before them." *North Carolina v. Rice,* 404 U.S. 244, 246 (1971) *per curiam* (quoting *Aetna Life Ins. Co. v. Hayworth,* 300 U.S. 227, 240-241 (1937)).  To satisfy the Article III case or controversy requirement, a litigant "must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Society v. Heckler,* 464 U.S. 67, 70 (1983); *Simon v. Eastern Ky. Welfare Rights Org.,* 426 U.S. 26, 38 (1976).  A case is moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt,* 455 U.S. 478, 481 (1984).

To the extent that by bringing the instant cause of action, the Plaintiff sought injunctive relief in the form of taking him out of his refuse status, it is true that he no longer needs, nor can the Court grant, the injunctive relief requested.  He has taken himself out of the reach of the IFRP by being released early on good time credits.  Even were his claims deemed meritorious, the Court cannot provide the change in classification status for a man who is not in BOP custody.

Thus, if an intervening event prevents the Court from granting any effective relief, the case must be dismissed. *See Calderon v. Moore,* 518 U.S. 149, 150 (1996) (per curiam). This mootness issue has been encountered previously in other prisoners' challenges to the BOP collecting IFRP monies.  *See, e.g., Udogwu v. Zickefoose,* 2007 WL 708781, *2 (D.Conn. February 27, 2007) (slip op.) (the prisoner's amount of payment was reduced to its previous level during the litigation; since that reduction was the only relief which Udogwu requested, the case was denied because the Court could grant her no effective relief); *Allen v. Schultz,* 2006 WL 2038036, *5 (E.D.Cal.2006) (slip op.) ("The BOP is ... no longer attempting to collect money from Petitioner through IFRP and his claim is now moot.  Because the claim is moot, the Court will not address the merits").  In this circuit, *see*

*Sharpe v. Attorney General of U.S.*, 2008 WL 2246381, *3 (E.D.Ky. 2008) (not reported) (Wilhoit, J. presiding, dismissing the claim as mooted, and not reaching the IFRP issue).

Consistent with the foregoing, the instant Plaintiff's request for the status change is moot and this claim will be dismissed accordingly. However, the Plaintiff's claims for damages survive a mootness challenge, and they will not be dismissed on this ground. *See Chapdelaine v. Keller*, 1998 WL 357350 (N.D.N.Y. 1998).

### Remaining Claims

To state a claim that is cognizable under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), a plaintiff must plead two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of federal law. *Bivens*, 403 U.S. at 397. There is no question in the instant case that the Defendants were acting with authority from their employment with the Federal Bureau of Prisons when they set up Love's financial plan and later imposed consequences to his withdrawal from compliance with it. The question to be resolved herein concerns the other component, *i.e.,* whether Plaintiff has shown that the Defendants were depriving him of rights secured by the Constitution or laws of the United States.

The Court finds that Plaintiff has not. He fails to specify what federal laws or policies have been violated or abridged. The pleadings in this case have not set forth the constitutional basis of the claim in a manner that gives the defendants proper notice and does not require either the defendants or this court to "conjure up unpled allegations." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "A plaintiff will not be thrown out of court for failing to plead facts in support of every

7

arcane element of his claim.  But when a complaint omits the facts that, if they existed, would clearly

dominate the case, it seems fair to assume that those facts do not exist."  *Scheid v. Fanny Farmer*

*Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543,

546 n.3 (1st Cir. 1976), *cert. denied*, 431 U.S. 914 (1977)); *see also Jarrell v. Tisch*, 656 F. Supp.

237 (D. D.C. 1987) (*pro se* plaintiffs should plead with requisite specificity so as to give defendants

notice).

To the extent that the Plaintiff's claim can be construed to be a Constitutional claim that the

IFRP amounts to a usurpation of the sentencing court's Article III powers or is a violation of the

separation of powers doctrine, Courts have roundly rejected this argument. *Montana-Figueroa v.*

*Crabtree,* 162 F.3d at 550; *Alevras v. Snyder,* 49 F.Supp.2d 1112, 1114 (E.D.Ark.1999); *United*

*States v. Overholt,* 307 F3d 1231 (10th Cir.2002) (listing cases).  This Court agrees with these

opinions.

The Court acknowledges that the Sixth Circuit has not been presented directly with a

constitutional challenge to the IFRP in a published opinion.  However, the appellate court in this

district has noted that other circuit courts have upheld the IFRP generally and particularly against

due process challenges.  *Weinberger*, 268 F.3d at 360-61.  While not addressing any specific

challenges to the IFRP, the Sixth Circuit noted that it had, however, "implicitly endorsed the

program." *Id.* (citing *United States v. Webb*, 30 F.3d 687, 690-91 (6th Cir.1994)).

The Sixth Circuit has also implicitly upheld the constitutionality of the IFRP more recently,

in *United States v. Callan*, 96 Fed. Appx. 299, 301 (6th Cir.2004) (noting "the complete absence of

any constitutional, statutory or decisional authority for the proposition that a federal district court

has the subject matter jurisdiction to micro manage the IFRP for the Bureau of Prisons" and further

noting that the authority which does exist supports the IFRP against general and due process challenges).  In the District Courts of the Sixth Circuit, see *Enigwe v. Snizeik*, 2006 WL 413592, *2 (N.D. Ohio 2006), and *Earle v. United States*, 2005 WL 2095691, *2 (E.D.Ky. 2005) (not reported) (Bunning, J. presiding).

As to the Plaintiff's claim that the BOP did not/does not have the authority to impose the IFRP payment plans, this is an old claim springing from old cases from other circuits interpreting the Victim and Witness Protection Act ("VWPA") to mean that the setting of the terms of restitution and schedule of payments was a core judicial function which could not be delegated to probation officers.  However, the Sixth Circuit, in *Weinberg,* rejected that position, holding that the sentencing court could use its discretion to delegate the scheduling of the defendant's restitution payments through the IFRP.  268 F.3d at 360-61.

In *United States v. Davis*, 306 F.3d 398, 425 (6th Cir. 2002), an appeal of a conviction which included a restitution order, the Sixth Circuit addressed the Mandatory Victims Restitution Act ("MVRA"), which supplanted the VWPA, effective for defendants convicted on or after April 24, 1996.  The appellate court remanded the matter to the sentencing court because it had failed to set a restitution payment schedule and show that it had considered the factors outlined in the new statute, 18 U.S.C. § 3664(f)(2)(A)-(C).

The instant Plaintiff's Judgment of Conviction of November 20, 2003, does not contain either of these errors, however.  On the page imposing the sentence of 90 months imprisonment, the Court inserted a recommendation that Love "be allowed to participate in the BOP financial responsibility program."  Additionally, on page 5, the Court listed the total restitution due each of the three victims for their actual losses, consistent with 18 U.S.C. § 3664(f)(1).  On page 6, under the heading

"SCHEDULE OF PAYMENTS," the first sentence shows that the Court has considered Love's finances, as required by Section 3664(f)(2)(A)-(C). It begins, "Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows . . . ."

With regard to language to which the Plaintiff has specifically objected,[1] this Court reads it as the trial court's setting up payments during three time periods. It first directs that at the time of sentencing the restitution is "due immediately;" if not fully paid then, it provides for payments in two additional time frames. To the extent that he is not imprisoned, the order requires that he make installment payments of $200 monthly, "to commence no later than 30 days after the defendants [sic] release from imprisonment." Third, while he is in prison, "payment of criminal monetary penalties shall be due during the period of imprisonment." The trial court has specifically referred to use of the IFRP during that time, when it lists persons to whom the prison installment payments should be made, "except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program . . . ." To the extent that this IFRP claim is properly before this Court,[2] the undersigned has considered it on the merits and finds no conflict or error or violation of law.

With regard to Love's allegedly being punished in retaliation for his refusal to continue in the IFRP, he has also failed to state a claim. In order to assert a retaliation claim, a plaintiff must establish several separate components, including the prisoner's participation in a protected activity

---

[1] See page 2, *infra*.

[2] Both *Weinberger* and *Davis* were decided on appeals from the trial court, focusing on the scope of the trial court's discretion and/or duty in setting the schedule of payments. *Weinberger* was a Section 2255 appeal and *Davis* was on direct appeal of his conviction and restitution orders. The Defendants have contended that Plaintiff Love is challenging his sentence and this Court does not have jurisdiction to decide this matter because these are claims which should be raised in the trial court. This Court, however, finds no reason that its Section 1331/*Bivens* jurisdiction cannot be used to decide a matter when the BOP interprets the trial court's language one way, the prisoner disagrees, and they exhaust the matter administratively. Therefore, this Court has proceeded on the merits.

and a defendant custodian's taking an adverse action against the prisoner unpleasant enough to dissuade him from doing so again. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). The instant Plaintiff has failed to allege an adverse action which rises to the level of a cognizable constitutional claim. *See also Ingraham v. Wright*, 430 U.S. 651, 674 (1977) ("There is, of course a *de minimus* level of imposition with which the Constitution is not concerned").

Additionally, any complained-of measure was clearly taken due to the Plaintiff's failure to participate in the IFRP. In fact, his loss of the Unicor job and loss of incentives attendant to the drug rehabilitation program are among accepted measures listed in the regulation to use for inmates who refuse to participate in the IFRP, and the Defendants followed the regulation. 28 C.F.R. §545.11(d). Plaintiff has not stated a cognizable retaliation claim against them.

## CONCLUSION

This Court must grant summary judgment if there is "no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). The moving party has the burden of showing there is an absence of evidence to support a claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). After the moving party carries its burden, the non-moving party must go beyond the pleadings to present "significant probative" evidence of specific facts showing that there is a genuine issue of material fact for trial. *Id.* This means sufficient evidence from which a jury could reasonably find for him. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The Court must view all submitted evidence, facts, and reasonable inferences in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In this case, the Defendants have shown that there is an absence of evidence to support the claims against them. *Celotex*, 477 U.S. at 324-25. The Plaintiff, however, has failed to carry his

11

burden to come forward with "affirmative evidence to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 247-48. The instant Plaintiff's original allegations, even verified, cannot defeat these Defendants' Motion for Summary Judgment. *Matsushita*, 475 U.S. at 587.

Accordingly, the instant Complaint must be dismissed, as the Plaintiff has been released, thus mooting injunctive relief; the Court finds that the Plaintiff has failed to state a cognizable federal claim for damages; and the Defendants are entitled to judgment as a matter of law on each claim urged herein.

## WARNING

Counting the case decided today, Plaintiff has now filed four *pro se* civil cases in this Court, has been granted permission to proceed *in forma pauperis* in three of them, and has suffered dismissal of all three. The docket of the Court shows that the Court granted him permission to proceed *in forma pauperis* in his first two filings. On July 8, 2008, he initiated *Love v. Growse*, 08-CV-303-KSF, another *Bivens* action, complaining of his prison medical care. It was dismissed, *sua sponte*, for failure to state a Constitutional claim. His second *Bivens* Complaint concerned his treatment in a prison drug rehabilitation program, *Love v. Hungress*, 08-CV-304-KSF. It, too, was summarily dismissed for the same reason.

Plaintiff's third effort, *Love v. Ward*, 08-CV-379-KSF, contained some of the same claims about the IFRP as in the current case, but it was dismissed without prejudice for his failure to respond to the Court's deficiency order. The next year, he brought the instant action and was granted *in forma pauperis* status for the third time. After today's analysis, this case, like his first two cases in this Court, will be dismissed for Love's failure to state a claim upon which the Court may grant

12

relief.  Additionally, PACER research reveals that he filed a civil action in another federal court in 2005 and has pursued three appeals in the United States Court of Appeals for the Eighth Circuit and two in the Sixth Circuit.

Because the instant cause of action will be at least the third dismissed for failure to state a claim, another provision of the indigency statute under which Love has proceeded, 28 U.S.C. § 1915, will be applicable hereafter.  It reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The instant prisoner-plaintiff has used all three of his opportunities to proceed with a civil lawsuit *in forma pauperis*.  Since at least three of his lawsuits, those in this Court, have been dismissed for failure to state a claim upon which relief will be granted, he may not proceed with a civil case or appeal in federal courts *in forma pauperis* hereafter, unless he is under imminent danger of serious physical injury.

**CONCLUSION**

Accordingly, **IT IS ORDERED** as follows:

(1)     Martay Love a/k/a Marty Love a/k/a Martay Loveley is on **NOTICE** that he may bring no more civil actions or appeals in the federal courts *in forma pauperis* unless he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

(2)     The Defendants' Motion for Summary Judgment [Record No. 16] is **GRANTED**.

(3)     The instant cause of action will be **DISMISSED** and Judgment will be entered

contemporaneously with this Memorandum Opinion and Order in favor of the named Defendants.

Dated this 8th day of September, 2009.

**Signed By:**

**_Karen K. Caldwell_**   KKC

**United States District Judge**